# UNITED STATES JUDICIAL PANEL
### on
# MULTIDISTRICT LITIGATION

IN RE: FACEBOOK USE OF NAME
AND LIKENESS LITIGATION                                          MDL No. 2288

## ORDER DENYING TRANSFER

**Before the Panel**:[*]  Pursuant to 28 U.S.C. § 1407, defendant Facebook, Inc. (Facebook) moves to centralize this litigation comprised of three actions[1] pending in two districts, as listed on Schedule A, in the Northern District of California.  Plaintiffs in all three actions oppose centralization.

On the basis of the papers filed and hearing session held, we are not persuaded that centralization of these three actions would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation.  These actions involve some similar allegations concerning the use of plaintiffs' names or likenesses in what plaintiffs characterize as advertisements on Facebook.com.  Despite this general factual overlap among the actions, the proponent of centralization has not convinced us that any shared factual questions are sufficiently complex or numerous to justify centralization.

The various plaintiffs have persuaded us that individual factual issues contained in these actions are likely to predominate over any alleged common fact questions.  For instance, the two Northern District of California actions focus on different aspects of Facebook's alleged advertising – the "Sponsored Stories" and "Friend Finder" services.  In contrast, the third action, pending in the Southern District of Illinois, focuses broadly on advertising that uses the images of minors.  While discovery in the three actions may involve some background general facts concerning Facebook's advertising practices and terms of use, centralization does not appear necessary, given the limited overlap among the three putative classes.  With the few demonstrable efficiencies gained by centralizing these somewhat different actions, we consider voluntary coordination among the parties and the involved courts to be a preferable alternative to centralization.

Though we are denying centralization, we nevertheless encourage the parties to pursue various alternative approaches, should the need arise, to minimize the potential for duplicative

---

[*]  Judge W. Royal Furgeson, Jr., did not participate in the decision of this matter.

[1]  Plaintiffs' motion originally included five actions, but two of those actions were dismissed during the pendency of the Section 1407 motion.

- 2 -

discovery and inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litig., Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
                John G. Heyburn II
                    Chairman

Kathryn H. Vratil              Frank C. Damrell, Jr.
Barbara S. Jones               Paul J. Barbadoro
Marjorie O. Rendell

**IN RE: FACEBOOK USE OF NAME
AND LIKENESS LITIGATION**                    MDL No. 2288


## SCHEDULE A


<u>Northern District of California</u>

Robyn Cohen, et al. v. Facebook, Inc., C.A. No. 3:10-05282
Angel Fraley, et al. v. Facebook, Inc., C.A. No. 5:11-01726

<u>Southern District of Illinois</u>

E.K.D., et al. v. Facebook, Inc., C.A. No. 3:11-00461