**\*\*E-filed 10/27/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ROBYN COHEN, et al.,

        Plaintiffs,

  v.

FACEBOOK, INC.,

        Defendant.
_____/

No. C 10-5282 RS

**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**

## I. INTRODUCTION

This is a putative class action challenging the alleged practice of defendant Facebook, Inc. of promoting its "Friend Finder" feature by disclosing to users that their Facebook "friends" have used that function. The central question presented by this motion to dismiss the First Amended Complaint ("FAC") is whether the use of the names and likenesses of non-celebrity private individuals without compensation or consent causes injury sufficient to support standing, where plaintiffs cannot allege that their names and likenesses have any general commercial value, and they have not chosen to allege that they suffered any distress, hurt feelings, or other emotional harm. As plaintiffs have failed to plead a cognizable injury, the motion will be granted, without leave to amend.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a

complaint must include sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 US 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 US at 570). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 US at 555 ("threadbare recitals of the elements of the cause of action, supported by mere conclusory statements," are not taken as true).

III. DISCUSSION[1]

1. <u>The prior dismissal</u>

Facebook challenged the original complaint in this action by arguing that under the terms of use agreements applicable to Facebook accounts, plaintiffs had effectively consented to the use of their names and likenesses in the manner that they are now contending was wrongful. The prior order concluded that issue could not be decided in Facebook's favor at the pleading stage, and the argument has not been reasserted in this motion. The initial motion to dismiss, however, also argued that plaintiffs had alleged no facts to support any cognizable harm, and it was granted on

---

[1] The factual background of this action was set forth in the order dismissing the original complaint, and will not be recounted here.

those grounds. The order observed that the sole allegation of injury was a conclusory assertion that plaintiffs, "have suffered injury-in-fact by having their name[s] and likeness[es] misappropriated without their knowledge or consent." June 27, 2011 Order at 8:26-9:1.

The order rejected plaintiffs' apparent argument that the availability of minimum statutory damages under California Civil Code §3344 could, in and of itself, supply the requisite element of injury. Noting that the Civil Code provision appeared designed primarily to provide a remedy for those whose actual damages might be difficult to quantify, such as plaintiffs who were claiming only non-economic damages, the order stated, "plaintiffs must, at a minimum, plead that they suffered mental anguish as a result of the alleged misappropriation, and a plausible supporting factual basis for any such assertion." See June 27, 2011 Order at 9:18-20 (citing *Miller v. Collectors Universe, Inc.,* 159 Cal.App.4th 988 (2008)).

A large portion of plaintiffs' opposition to the present motion is devoted to rebutting the proposition that non-celebrity plaintiffs may recover for misappropriation of their names and likenesses *only* if they can plead that they suffered mental anguish. Plaintiffs argue that any implication in *Miller* to that effect was ill-considered dicta, and that the June 27, 2011 Order was erroneous in suggesting that plaintiffs can only proceed under a theory that they suffered emotional harm. As Facebook correctly points out, however, plaintiffs are reading the June 27, 2011 Order too narrowly. Because plaintiffs had not identified or clearly articulated any economic harm they had allegedly suffered, the order merely explained what allegations would be necessary for them to state a claim for non-economic harm.[2] Nothing in the June 27, 2011 Order, nor in *Miller*, represents a holding that non-celebrity plaintiffs can never pursue claims for economic loss and are instead limited to emotional damages. Facebook fully and correctly acknowledges that even non-celebrity plaintiffs *may* pursue economic damages claims. The question is what kind of facts must be alleged to show the existence of economic damages, such that plaintiffs will have standing to proceed.

---

[2] Indeed, at the hearing on the initial motion to dismiss, plaintiffs indicated they were claiming emotional harm, and that they could amend to state facts showing such harm with greater specificity.

3

### 2. The new allegations

In the FAC, plaintiffs have elected not to claim emotional distress damages. Instead, plaintiffs have articulated in more detail the theory that their names and likenesses[3] had an economic value *to Facebook*, as evidenced by the fact that Facebook chose to use them to promote its "Friend Finder" service. Facebook argues that the FAC, and plaintiffs' opposition to the present motion, are more in the nature of a motion for reconsideration than an attempt to cure the pleading defect identified in the prior order. Indeed, because plaintiffs have chosen to proceed on the theory that they have cognizable economic interests in their names and likenesses, despite not being celebrities, they are to some extent re-arguing positions they took in the prior motion, albeit with greater focus.

Facebook also contends that the allegations of harm remain unduly conclusory in the FAC. It is true that plaintiffs have added few, if any, new allegations that could be fairly characterized as facts. They have, however, set out with greater clarity that their claim is based on a purported legal right of publicity in their own names and likenesses, which they contend exists without regard to whether or not their names and likenesses have any general commercial value. The FAC further explains how Facebook's use of plaintiffs' names and likenesses can be seen as serving a commercial purpose, undertaken with at least the intent of achieving growth in Facebook's user base, thereby ultimately resulting in monetary gain for Facebook.[4] While some of these additional allegations thereby arguably could be characterized as legal conclusions or argument, under the particular circumstances of this case, they serve the legitimate purpose of "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[5] Additionally, given the nature of the claims that plaintiffs are advancing, there are no other or further "facts" to be added. Either plaintiffs' theory of

---

[3] Facebook continues to point out that there is no requirement that its users post their actual likenesses as "profile pictures," and that many do not do so. Although that might present an impediment to class certification, it does not serve as a basis to dismiss the claims.

[4] There is no dispute that Facebook charges no fees for the services it provides to its members, and therefore does not *directly* benefit financially from increasing its user basis. There is also no dispute, however, that Facebook operates as a for-profit business, and that the advertising revenues it derives depend at least in part on the number of people who utilize its services.

[5] Among other things, it is now clear that plaintiffs are *not* basing their claims on inadequately-pleaded emotional distress.

harm is sufficient to give rise to standing or it is not; the issue is no longer merely that the allegations are too "conclusory."

### 3. Sufficiency of the injury

While plaintiffs have more clearly articulated the basis for their claim, they still have failed to make a sufficient "showing" that they are "entitled to relief." Fed. R. Civ. P. 8(a)(2). The cases on which plaintiffs rely are distinguishable. In *KNB Enterprises v. Matthews*, 78 Cal.App.4th 362 (2000), for example, the plaintiff sought to assert claims under California Civil Code §3344 on behalf of 452 individuals whose photographs had been used by defendant without consent or compensation.[6] Although the individuals did not have celebrity status, they were engaged in the business of modeling. As such, they could show a commercial interest in their likenesses from which they had attempted to profit. *See also*, *Del Amo v. Baccash*, 2008 WL 4414514 (C.D. Cal. 2008) (non-celebrity nude models); *Christoff v. Nestle USA, Inc.*, 47 Cal. 4th 468 (2007) (non-celebrity model). While the plaintiff in *Smith v. NBC Universal*, 524 F.Supp.2d 315 (S.D.N.Y. 2007), was neither famous nor a model, he was a public performer and entertainer with an obvious economic interest in his likeness unlike anything plaintiffs have alleged here.[7]

It is also worth noting that this is not a situation where the defendant is alleged to have publicized the plaintiffs' names or likenesses to any audience or in any context where they did not already appear—rather, the names and likenesses were merely displayed on the pages of other users who were already plaintiffs' Facebook "friends" and who would regularly see, or at least have access to, those names and likenesses in the ordinary course of using their Facebook accounts. While the prior order rejected Facebook's argument that it could not be said to have used the names and likenesses to its own "advantage," this further undercuts any claim plaintiffs can make that they were somehow harmed.

---

[6] The individuals had assigned those claims to the plaintiff.

[7] Plaintiffs' reliance on *Smith* is also curious because, contrary to their assertion, the court *granted* summary judgment *against* the plaintiff on his publicity claims. 524 F.Supp.2d at 329.

The fact that the California Legislature has provided for statutory damages in the amount of $750 for a individual who is unable to *quantify* the amount of damages suffered does not eliminate the requirement of a cognizable injury in the first instance. Because plaintiffs have not shown any such injury, the motion to dismiss must be granted.[8] As plaintiffs have effectively conceded that there are no additional or different facts they can allege, leave to amend is not warranted.

## IV. CONCLUSION

The motion to dismiss is granted, without leave to amend. A separate judgment will issue.

IT IS SO ORDERED.

Dated: 10/27/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[8] The lack of cognizable injury is fatal to plaintiffs' claim under Civil Code §3344 despite the provision for statutory damages. Even if the existence of statutory damages were sufficient to support that claim, however, the common law claim would fail. So too would the claim under California's Unfair Competition Law, which requires that a plaintiff suffer a loss of "money or property"—a standing requirement more restrictive than that imposed by the Constitution. *See Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 323-324 (2011).

6