**\*\*E-filed 2/3/12\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ROBYN COHEN, et al.,

        Plaintiffs,

  v.

FACEBOOK, INC.,

        Defendant.
_____/

No. C 10-5282 RS

**ORDER REQUESTING FURTHER BRIEFING**

Plaintiffs' opposition to Facebook's motion for attorney fees offers one substantive, as opposed to procedural, basis on which they contend Facebook should be precluded from recovering *any* fees in this action. Plaintiffs argue that because Facebook successfully defended on the grounds that they lacked standing under Constitutional principles to bring their claims in federal court, Facebook cannot be seen as having "prevailed" on the claim under California Civil Code §3344 for purposes of fee-shifting. Plaintiffs provide no authority in support of this argument, suggesting instead that Facebook's failure to cite precedent to the contrary in its moving papers should be fatal to its fee request.

On reply, Facebook relies on *Love Associated Newspapers, Ltd.*, 611 F.3d 601 (9th Cir. 2010). In *Love*, the defendants defeated a §3344 claim by showing that California law did not apply to the allegedly wrongful conduct, all of which took place in England. *Id*. at 610-11. The court held

that because plaintiff had in fact brought an action "under" §3344, defendants were entitled to a fees award, notwithstanding the ultimate determination that the statute did not govern their conduct.

The dismissal Facebook obtained in this action was different. Although the argument in plaintiffs' opposition is underdeveloped, there is a reasonable basis to contend that the dismissal here falls short of establishing that plaintiffs have no potentially valid claim under §3344. Rather, the order arguably only found that any such claim cannot be heard in federal court as a result of Constitutional standing limitations applicable in this forum. Whether plaintiffs might have standing to bring a claim under §3344 in California courts at least theoretically may remain an open question. *See Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 322 n. 5 (2011) ("There are sound reasons to be cautious in borrowing federal standing concepts, born of perceived constitutional necessity, and extending them to state court actions where no similar concerns apply.") Thus, while the *Love* defendants had succeeded in showing that the §3344 claim failed because the statute did not govern their conduct, Facebook may have only shown that plaintiffs sued in a court system without jurisdiction to hear their claims.

The parties are in agreement that California law governs the question of whether Facebook is entitled to recover fees. The particular circumstances here, however, seem unlikely to have ever arisen in a California court. Nevertheless, the question is whether, under California law, a defendant can be considered to have "prevailed" for purposes of a fee-shifting statute where it did not establish, for example, (1) the allegedly wrongful conduct did not occur, (2) the conduct was not wrongful, (3) California law did not apply to the conduct, (4) the plaintiff lacked standing under *California law*, or (4) any other similar basis for judgment in its favor more clearly equivalent to a determination on the merits than was the dismissal here. More specifically, does a dismissal in federal court for lack of Article III standing—i.e. a dismissal for lack of federal *jurisdiction*—equate to having "prevailed" on a state statutory claim that has a fee shifting provision?

Within 20 days of the date of this order, Facebook may submit a supplemental brief, not to exceed 15 pages, addressing this issue. Within 10 days after Facebook's brief is filed, plaintiffs may file a response, also not to exceed 15 pages. The matter will then be resubmitted for decision.

1  IT IS SO ORDERED.

3  Dated: 2/3/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE